IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ERIC HUGHES, LYDIA HUGHES, GREER HUGHES, AND GARRETT HUGHES,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNIVERSAL INSURANCE COMPANY, CARLOS A. HERNÁNDEZ-SANTOS, XYZ INSURANCE COMPANIES, AND JOHN DOES I-X,<br><br>  Defendants. | CIV. NO. 21-1460 (SCC) |

**OPINION AND ORDER**

The plaintiffs, four members of the Hughes family, filed this lawsuit against defendant Carlos A. Hernández-Santos, seeking damages for the harms that he caused when he allegedly hit two of them with his car in the presence of the other two. Docket No. 1. Hernández-Santos has moved the Court to set aside the entry of default that we entered against him. Docket No. 20. Because he has shown good cause to do so, we grant his motion.

On December 7, 2021, the Court entered a default against Hernández-Santos because he had failed to plead or otherwise defend himself. Docket No. 15; *see also* FED. R. CIV. P. 55(a). That same day, his counsel entered her appearance. Docket No. 16. He now moves the Court under Federal Rule of Civil Procedure 55(c) to set aside the default that we entered against him. Docket No. 20.

We may set aside an entry of default for "good cause." *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010) (quoting FED. R. CIV. P. 55(c)). There is no precise formula to determine whether good cause exists because each case "necessarily turn[s] on its own unique circumstances." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). But there are many factors that we may consider: "(1) whether the default was willful, (2) whether setting it aside would prejudice the adversary," (3) whether the movant has presented a meritorious defense, (4) the movant's explanation for the default, (5) the amount of money involved, and (6) the timing of the motion to set aside the entry of default. *Indigo Am., Inc.*,

597 F.3d at 3 (citing *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003)).

We conclude that these factors weigh in favor of setting aside the default. First, we see no evidence that Hernández-Santos's default was willful. Though he failed to appear, he tells us that he was looking for an attorney to take his case and that many of them turned him down. Docket No. 20, pg. 3. He, moreover, says that he did not know how to answer the complaint and was scared to do so without representation because the amount in controversy is $4,000,000.00. *Id.* Second, the plaintiffs do not argue that they will be prejudiced if we set aside the default. *See* Docket No. 21; *see also FDIC v. Francisco Inv. Corp.*, 873 F.2d 474, 479 (1st Cir. 1989) ("The issue [for prejudice resulting from setting aside a default] is not mere delay, but rather its accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion.").

Third, although it is a close call, Hernández-Santos has met the low threshold for averring that he has a meritorious

defense. For he tells us that there was a third party involved who may have caused the plaintiffs' injuries. Docket No. 20, pg. 4. Though the plaintiffs argue that he has not shown he has a meritorious defense because the police report from the crash does not mention a third party, Docket No. 21, pg. 2, he does not need to show that his defense is likely to succeed— he merely needs to plausibly aver facts which, if proven at trial, would constitute a defense, *Coon*, 867 F.2d at 77 ("[A] party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."). And if he proves at trial that a third party caused the plaintiffs' injuries, that could be a defense.

Fourth and fifth, we believe that the nature of Hernández-Santos's explanation for his default and the amount of money involved weigh in favor of setting it aside. He says that he sought counsel but was repeatedly turned down and that he was scared to file an answer *pro se* because the plaintiffs claim a substantial amount of money (*i.e.*, $4,000,000.00). To be sure, the more prudent path would have been to appear and show

good cause for an extension of time to file his answer, *see* FED. R. CIV. P. 6(b)(1), but given the value of this case and the plaintiffs' allegations against him, his explanation is tenable. Sixth, and finally, he filed his motion to set aside the entry of default twenty-two days after we entered it and twenty-two days after retaining counsel. His counsel attributes part of this delay to the fact that she "had not looked at the docket report, where the default entry was entered." Docket No. 20, pg. 5. And she attributes the rest of the delay, in a conclusory manner, to Christmas and COVID-19. *Id.* Counsel's failure to look at a docket entry that existed when she entered the case and invocation of Christmas and COVID as an excuse are insufficient to show that the motion is timely. *See Indigo Am., Inc.*, 597 F.3d at 3 ("[T]he burden of demonstrating good cause lies with the party seeking to set aside the default."). The untimeliness of Hernández-Santos's motion, however, does not outweigh the factors that favor setting aside the default.

In sum, keeping with the spirit that an action should be resolved on its merits, *Coon*, 867 F.2d at 76, the Court

| | |
|---|---:|
| HUGHES V. UNIVERSAL INSURANCE CO. | Page 6 |

**GRANTS** Hernández-Santos's motion to set aside the default that we entered against him and **GRANTS** his request for an extension of time to file his answer until January 19, 2022 (Docket No. 20).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of January 2022.

    <u>S/ SILVIA CARREÑO-COLL</u>
    UNITED STATES DISTRICT COURT JUDGE